# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# FAYETTEVILLE DIVISION

**MICHAEL LEE PHIPPS**                                                                            **PLAINTIFF**

**V.**                             **CASE NO. 5:17-CV-05208**

**SEX OFFENDER SCREENING AND RISK
ASSESSMENT COMMITTEE; DETECTIVE
LEONARD GRAVES, Washington County Sheriff's
Office; and JOHN and JANE DOES, SEX OFFENDERS'
FIRST CONTACT, Washington County Sheriff's Office**       **DEFENDANTS**

## OPINION AND ORDER

This is a civil rights case filed by the Plaintiff, Michael L. Phipps, under the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and has filed an application to proceed *in forma pauperis* ("IFP")(Doc. 2). He is currently incarcerated in the Washington County Detention Center ("WCDC").

The Prison Litigation Reform Act ("PLRA") modified the IFP statute, 28 U.S.C. § 1915, to require the Court to screen complaints for dismissal under § 1915(e)(2)(B). The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or, (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

## I. BACKGROUND

According to the allegations of the Complaint (Doc. 1), in 2004, Plaintiff was convicted of second degree sexual assault on his wife in Texas. He was sentenced to five years in prison. He was a low-risk level-one sex offender.

On or about November 11, 2009, Plaintiff came to Fayetteville and reported to Detective Leonard Graves. Plaintiff alleges Detective Graves put the wrong social security number ("SSN") on Plaintiff's paper work. (Doc. 1, p. 6). Plaintiff states that when he pointed this out, Detective Graves added Plaintiff's SSN to the paperwork by writing it below the wrong SSN. Plaintiff alleges Detective Graves refused to take the wrong number off. Plaintiff sues Detective Graves for "mistaken identity" in his personal capacity only. *Id.* Plaintiff alleges the same cause of action against the John and Jane Doe Defendants. *Id.* at 7. However, he sues the Doe Defendants in their official capacities only. *Id.*

On or about January 1, 2010, Plaintiff alleges the Sex Offender Screening and Risk Assessment ("SOSRA") Committee mistakenly combined his criminal record with that of another sex offender, a child molester, who has the same first and last names as the Plaintiff. As a result, Plaintiff alleges he was raised from a level-one sex offender to a level-three.

Because he was a level-three offender, Plaintiff alleges he could not find any housing and became homeless. *See* Ark. Stat. Ann. § 5-14-128 (residency restrictions on level-three offenders). According to Plaintiff, in Washington County, a homeless sex offender may not register. His being homeless resulted in his being charged with failure to register and sentenced to a term of imprisonment.

Plaintiff states that once in prison, he made parole right away but could not parole out to his sister's house because he was a level-three offender. Similarly, Plaintiff states he found out from the director of transitional housing and half way houses that none of the facilities in Arkansas would accept a level-three offender. As a result of being unable to find housing, Plaintiff states he spent three-and-a-half years in prison.

Plaintiff states he brought the mistake to the attention of the SOSRA Committee. In 2015, Plaintiff alleges the SOSRA Committee "admitted" its mistake but refused to lower his level. *Id.* at 6. Plaintiff has now been arrested "waiting to go to prison <u>again</u> <u>for being homeless!!!</u>" *Id.* (emphasis in original).

As relief, Plaintiff is seeking compensatory and punitive damages. He also asks that his name be removed from the sex offender database.

## II. DISCUSSION

Under the PLRA, the Court is obligated to screen a case prior to service of process being issued. A claim is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court bears in mind, however, that when "evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Plaintiff's claims are subject to dismissal. First, the statute of limitations bars his claims against Detective Graves and the Washington County John and Jane Does. Section 1983 does not contain its own statute of limitation. Instead, causes of action under § 1983 are governed by "the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987)(§ 1981 case). In Arkansas, this

is the three-year personal injury statute of limitations, Ark. Code Ann. 16-56-105(3); see *Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001) (Ark. Code Ann. § 16-56-105(3) is the statute of limitations applicable to § 1983 cases). Thus, any claims based on events that occurred in 2009 would be barred by the statute of limitations.

Second, his claims against the SOSRA Committee are subject to dismissal. The Committee is appointed by the Governor of Arkansas and is a division of the Arkansas Department of Correction. See Ark. Stat. Ann. § 12-12-921. Thus, Plaintiff's official capacity claim against the Committee is a claim against the ADC. *Id.* The ADC is a state agency. See *Fegans v. Norris*, 351 Ark. 200, 206, 89 S.W.3d 919 (2002). States and state agencies are not "persons" subject to suit under § 1983. *Howlett v. Rose*, 496 U.S. 356 (1990); *Will v. Mich. Dept. of State Police*, 491 U.S. 58 (1989); *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). "This bar exists whether the relief sought is legal or equitable." *Williams v. Missouri*, 973 F.2d 599, 599-600 (8th Cir. 1992) (citing *Papasan v. Allain*, 478 U.S. 265, 276 (1986)). "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 342 (1979)).

## III. CONCLUSION

The claims are subject to dismissal for failure to state a claim and because they are against an entity immune from suit. 28 U.S.C. § 1915(e)(2)(B). Therefore, the complaint is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED** on this 1st day of November, 2017.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE